UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER HICKOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No. 3:16-cv-645 |
| ANDREW R. HIRES, individually and in his ) | |
| official capacity, RICHLAND COUNTY ) | **JURY TRIAL DEMANDED** |
| SHERIFF'S DEPARTMENT, ) | |
| SCOTT McPEAK, individually and in his ) | |
| official capacity, and RICHLAND COUNTY, ) | |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

### **General Allegations**

1. At all times hereinafter mentioned, Plaintiff, Christopher Hickox, was a resident of the State of Illinois, residing at 109 Lakeview Drive, Fairfield, Illinois, 62837.

2. Deputy Scott McPeak, at all times relevant to this action was an employee of the Richland County Sheriff's Department and is being sued individually and in his official capacity. In the alternative, John Doe is an unknown employee and deputy of the Richland County Sheriff's Department and is being sued individually and in his official capacity.

3. Sheriff Andrew R. Hires at all times relevant to this action was the Sheriff of Richland County, Illinois and head of the Richland County Sheriff's Department and is being sued individually and in his official capacity.

4.      The Richland County Sheriff's Department is a division of the county government of Richland County, Illinois.  Richland County is a local government entity located in the State of Illinois.

5.      On June 14, 2015, Plaintiff, Christopher Hickox, was involved in a motor vehicle accident, wherein, the vehicle he was operating rear-ended a three-quarter ton flat-bed truck. After the accident, Plaintiff was transported via ambulance to the Richland Memorial Hospital and placed in emergent care at Richland Memorial Hospital.

6.      Shortly after arriving at Richland Memorial Hospital, a deputy with the Richland County Sheriff's Department, who on information and belief was Deputy Sheriff Scott McPeak, forced his entry into Plaintiff's room and interrogated Plaintiff about the motor vehicle accident, despite being warned by Plaintiff's nurse that Plaintiff could not answer any questions as he was suffering from post-concussive symptoms and short-term memory loss as a result of the aforementioned motor vehicle accident.

7.      Despite the warning, Deputy McPeak interrogated Plaintiff, to which Plaintiff provided no definitive answers due to the aforementioned head trauma from the accident.

8.      Shortly thereafter, Deputy McPeak interrogated Lynde Hickox, the wife of Plaintiff, as to Plaintiff's medical history.  Specifically, he questioned whether Plaintiff had any history of seizures. Mrs. Hickox truthfully told Deputy McPeak that Plaintiff had no such history. Deputy McPeak accused Mrs. Hickox of lying, and stated he had searched Plaintiff's vehicle and had found an "epi-pen". Mrs. Hickox truthfully advised Deputy McPeak that Plaintiff had the "epi-pen" with him because he was seriously allergic to bees, and upon being stung, Plaintiff could potentially die without the "epi-pen."

9.      After concluding his investigation, Deputy McPeak falsely reported to the

Secretary of State that the cause of the aforementioned motor vehicle accident was a seizure suffered by Plaintiff, despite the fact that there was absolutely no indication that Plaintiff had actually suffered a seizure.

10. It was the policy or custom of the Richland County Sheriff's Department to permit unconstitutional searches by its deputies in violation of reasonable expectation of privacy by those persons under investigation, such as Plaintiff.

11. Commencing on June 14, 2015, all Defendants, inclusive, and each of them, were acting under color of state law when they committed the above described actions, doing so without proper reason or authority, without reasonable or probable cause and with deliberate indifference to the rights of Plaintiff.

12. The conduct of Defendants violated the civil rights of Plaintiff, including violation of the Plaintiff's rights found in the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and those under Illinois law and its Constitutions.

13. As a direct result of these violations, and in accordance with 42 U.S.C.A. § 1983, Plaintiff's civil rights have been violated in that Plaintiff has suffered, and will continue to suffer, damages, as described in this Complaint, as well as to incur attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1983, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

14. As a direct and proximate result of the aforementioned acts of the Defendants, Plaintiff, CHRISTOPHER HICKOX, suffered damages in the form of the following:

    A. The loss of his driver's license;

    B. The loss of his Class B CDL;

    C.  Medical expenses from testing required by the Secretary of State;

    D.  The loss of an expected job opportunity with a substantial pay raise;

    E.  Additional expenses incurred in regaining his driver's license, in that of, the written examination; and

    F.  Mental and emotional distress.

## Count I
### Deprivation of Civil Rights in their Official Capacities – Defendants Hires and McPeak

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count I against Defendants, ANDREW R. HIRES and SCOTT McPEAK, in their official capacities, respectfully states:

    1.    Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count I as set forth fully herein.

    15.    Jurisdiction in this Court is proper as this action is brought pursuant to 42 U.S.C. § 1983.

    16.    The Defendants actions were a direct and proximate cause of damages suffered by Plaintiff as alleged above.

## Count II
### Deprivation of Rights in their Individual Capacities Defendants Hires and McPeak

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count II against

Defendants, ANDREW R. HIRES and SCOTT McPEAK, in their individual capacities, respectfully states:

1. Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count II as set forth fully herein.

14. Jurisdiction in this Court is proper as this action is brought pursuant to 42 U.S.C. § 1983.

15. Defendant McPeak was personally involved in the deprivation of the Plaintiff's constitutional rights, as aforementioned.

16. The aforementioned overt acts were performed by Defendant McPeak with deliberate or reckless disregard of Plaintiff's constitutional rights.

17. On information and belief, the aforementioned acts occurred with the knowledge and consent of Defendant Hires, who was in a supervisory position over Defendant McPeak.

18. The Defendants actions were a direct and proximate cause of damages suffered by Plaintiff as alleged above.

### Count III
### Vicarious Liability of Sheriff for Actions of Deputy
### Defendant Hires

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count III against Defendant, ANDREW R. HIRES, in his official capacity, respectfully states:

1.     Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations and Count II as Paragraphs 1 through 14 of Count III as set forth fully herein.

15.    Jurisdiction in this Court is proper in that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.

16.    55 ILCS 5/3-6016 states, in relevant part, that a sheriff "shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission."

17.    55 ILCS 5/3-6015 provides, in relevant part, that deputies shall "perform any and all the duties of the sheriff, in the name of the sheriff, and the acts of such deputies shall be held to be acts of the sheriff."

18.    Accordingly, Defendant Hires is vicariously liable for the acts and/or omission of Defendant McPeak, as aforementioned, which were a direct and proximate cause of damages suffered by Plaintiff.

### Count IV
### Custom and Policy of Richland County Sheriff's Department
### Defendant Richland County Sheriff's Dept.

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count IV against Defendant, RICHLAND COUNTY SHERIFF'S DEPARTMENT, respectfully states:

1.      Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count IV as set forth fully herein.

15.     On information and belief, Defendant, Richland County Sheriff's Department to permit unconstitutional searches and interrogations by its deputies in violation of reasonable expectation of privacy by those persons under investigation and when such persons are physically or mentally unable to cooperate with reasonable questioning and unable to assert 5th Amendment privileges.

16.     The Richland County Sheriff's Department has adopted this policy with callous disregard of Plaintiff's rights under the 4th Amendment to remain free from unreasonable seizures and searches and in violation of the 14th amendment substantive due process rights, and his 5th Amendment rights.

17.     The aforementioned customs and policies of the Richland County Sheriff's Department is a direct and proximate cause of the damages suffered by Plaintiff as alleged as above.

### Count V
### Illinois Tort Immunity Act
### Defendants Hires and McPeak

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count V against Defendants, ANDREW R. HIRES and SCOTT McPEAK, in their official capacities, respectfully states:

1.      Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count V as set forth fully herein.

15.     Jurisdiction in this Court is proper in that "in any civil action of which the

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

16. The Illinois Tort Immunity Act provides that a public employee executing or enforcing a law will remain liable for his or her actions or omissions which are willful and wanton, or "intentional or committed under circumstances exhibiting a reckless disregard for the safety of others." 745 ILCS 10/2-202. Further, "willful and wanton" conduct is to be considered under the same context as "deliberate indifference" as applied to Section 1983 claims.

17. The Defendants' conduct as aforementioned constitutes willful and wanton misconduct and a deliberate indifference to the rights of Plaintiff.

18. The Defendants' actions were a direct and proximate cause of damages suffered by Plaintiff as alleged above.

<u>**Count VI**</u><br><u>**Intentional Infliction of Emotional Distress**</u><br><u>**Defendant McPeak**</u>

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count VI against Defendant, SCOTT McPEAK, respectfully states:

1. Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count VI as set forth fully herein.

15. Defendant McPeak intended that his conduct would cause severe

emotional distress to Plaintiff, or consciously disregarded the probably that his conduct would cause emotional distress to Plaintiff.

16. Defendant McPeak's conduct in conducting the interrogation and filing a false report was extreme and outrageous and constitute socially intolerable behavior.

17. Defendant McPeak's conduct caused Plaintiff to suffer severe and extreme emotional distress.

18. The conduct of Defendant McPeak was the actual and proximate cause of such emotional distress.

## Count VII
## Negligence
## Defendant McPeak

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count VII against Defendant, SCOTT McPEAK, respectfully states:

1. Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count VII as set forth fully herein.

15. Defendant McPeak had a duty of ordinary care in fulfilling his responsibilities as a law enforcement officer.

16. Defendant McPeak breached that duty in conducting the interrogation and filing a false report as aforementioned.

17. Defendants' actions were a direct and proximate cause of damages suffered by Plaintiff as alleged above.

### Count VIII
### County Liability for Judgment Entered Against Local Public Entity
### Defendant Richland County, Illinois

NOW COMES Plaintiff, CHRISTOPHER HICKOX, by and through Christopher A. Koester of Taylor Law Offices, P.C., his attorneys, and as and for his Count VIII against Defendant, RICHLAND COUNTY, ILLINOIS, respectfully states:

1. Plaintiff realleges and incorporates by reference the allegations contained in his General Allegations as Paragraphs 1 through 14 of Count VIII as set forth fully herein.

15. Jurisdiction in this Court is proper in that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

16. The Civil Immunities Act provides that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102.

17. As the Illinois Supreme Court has interpreted the aforementioned statute to require that a county pay for a judgment entered against its county sheriff, federal law deems the county as an indispensable party to the litigation. See *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497, 516, 787 N.E.2d 127, 138 (2003); *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2004).

18. At all times mentioned herein, Defendant, Richland County Sheriff's Department, was the duly authorized law enforcement agency for Richland County, Illinois.

19. Defendant, Richland County Sheriff's Department, exhibited deliberate indifference to the rights of persons who come into contact with its officers by failing to train its officers properly, including but not limited to, situations in which an officer is conducting an investigation regarding a suspect receiving physical or mental care from a health care facility.

20. The Defendants' actions were a direct and proximate cause of damages suffered by Plaintiff as alleged above.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests Judgment against the Defendants, and each of them, as follows:

A. General damages in an amount to be determined by proof at trial;

B. Punitive damages according to proof;

C. Attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1988 according to proof;

D. Costs and interest according to law;

E. Such other and further relief that the Court considers just and equitable.

Respectfully submitted,

/s/ Christopher A. Koester
Christopher A. Koester #6208370

Christopher A. Koester
TAYLOR LAW OFFICES, P.C.
Attorneys for Plaintiff
122 East Washington Avenue
P.O. Box 668
Effingham, Illinois  62401
(217) 342-3925
Fax:  (217) 342-2341
koester@taylorlaw.net