UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER HICKOX,

    Plaintiff,

        v.

ANDREW HIRES, *et al.*,

    Defendants.

Case No. 16-cv-00645-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion (Doc. 22) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff filed a timely response (Doc. 24).

1. **Background**.

This action arising from a motor vehicle accident after which the plaintiff was transported by ambulance to a local hospital for treatment. While receiving treatment, the plaintiff alleges that a deputy with Richland County Sheriff's Department forced entry into the plaintiff's room and interrogated the plaintiff although the deputy had been informed by the medical staff that the plaintiff was not in a condition to be questioned. The complaint further alleges that the deputy then interrogated the plaintiff's wife about the plaintiff's medical history and searched the plaintiff's vehicle without cause. Thereafter, the deputy falsely reported to the Secretary of State that the accident was caused by the plaintiff experiencing a seizure which resulted in the plaintiff losing his driving license and Class B CDL.

Defendant now motions for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, a more definite statement from Plaintiff under Rule 12(e).

2. **Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

3. **Analysis.**

In his response, the plaintiff requests leave to voluntarily dismiss his Fifth Amendment claim and to amend his complaint. He also states that he is willing to provide a more definite statement pursuant to Rule 12(e) if the Court deems it necessary. In this early stage of litigation, the Court believes that the simplest resolution to the issues raised in the defendant's motion to dismiss would be to allow the plaintiff leave to amend his complaint in order to clarify his allegations. Courts

should freely give leave to amend when justice so requires. Fed.R.Civ. P. 15(a)(2).  Leave to amend would eliminate the need for a more definite statement and allow the plaintiff to withdraw this Fifth Amendment claim.   Plaintiff's leave to amend requests also states that he desires to add an additional count with regard to the alleged unreasonable search of plaintiff's blood sample.  The leave to amend granted herein includes leave to file additional claims that arose out of the conduct or occurrence set out in the initial complaint.   However, the plaintiff is directed to seek leave of court by separate motion if he desires to bring in additional defendants.

4. **Conclusion**.

Therefore, Plaintiff is **GRANTED** leave to amend his complaint.   The amended complaint is due on or before **December 16, 2016**.   Pursuant to Federal Rules of Civil Procedure 15(a)(3), the Defendants are required to respond to the amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."   Defendant's Motion (Doc. 22) to Dismiss is **MOOT.**

**IT IS SO ORDERED.**

DATED:   12/01/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**